**FILED**

**May 17, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 9:52 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Bryant C. Perry,<br>　　　　Employee,<br><br>v.<br><br>Memphis Light, Gas & Water<br>　　　　Employer. | Docket No.: 2015-08-0169<br><br>State File No.: 57998-2014<br><br>Judge: Jim Umsted |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on May 4, 2016, for a Compensation Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issues are: (1) whether the employee, Bryant Perry, is entitled to permanent partial disability benefits, and if so, in what amount; and (2) whether the employer, Memphis Light, Gas & Water, is responsible for paying the discretionary costs of Mr. Perry's attorney.[1] For the reasons set forth below, the Court finds that Mr. Perry established by a preponderance of the evidence that he is entitled to permanent disability benefits and discretionary costs.

### History of Claim

Mr. Perry is a thirty-two-year-old resident of Shelby County, Tennessee, who has worked for MLGW as a utility worker for approximately three years. Mr. Perry testified he sustained an injury to his groin and right hip at work on July 15, 2014, while lifting a large water valve. Mr. Perry provided adequate notice of his injury to MLGW and ultimately received a panel of physicians from which he selected Dr. Jeffrey Dlabach as his treating physician.

Mr. Perry presented to Dr. Dlabach for the first time on July 25, 2014. Dr. Dlabach diagnosed Mr. Perry with a possible inguinal hernia and right hip strain, and referred him to a general surgeon for an evaluation of the possible hernia with

---

[1] A complete listing of the technical record, stipulations, and exhibits admitted at the Compensation Hearing is attached to this Order as an appendix.

1

instructions to follow up after this evaluation.

Mr. Perry began treating with a general surgeon, Dr. Janice Wood, on August 1, 2014. Dr. Wood diagnosed Mr. Perry with a right inguinal hernia and performed surgery on August 6, 2014. Mr. Perry returned to see Dr. Wood on August 19, 2014, and complained of soreness after prolonged standing. However, Dr. Wood noted an improvement in his pain as well as a well-healed incision with no sign of infection or problems. On September 5, 2014, Dr. Wood released Mr. Perry from care and indicated he could return to regular work duties as of September 8, 2014.

Following his release by Dr. Wood, Mr. Perry followed up with Dr. Dlabach on September 12, 2014. Dr. Dlabach ordered physical therapy and work hardening to help with Mr. Perry's strength and tone due to the physical demands of his job. He also ordered a functional capacity examination and placed Mr. Perry on light duty restrictions. On October 16, 2014, Dr. Dlabach returned Mr. Perry to regular duty. Thereafter, on October 30, 2014, Dr. Dlabach placed Mr. Perry at maximum medical improvement, opined he retained no permanent impairment, and released him from care.

Immediately prior to the Compensation Hearing, the Court heard Mr. Perry's Motion to Strike or Preclude Dr. Janice Wood's C-32 and MLGW's Motion to Strike Inappropriate and Inadmissible Evidence. Mr. Perry's motion asked the Court to strike the C-32 of Dr. Wood as MLGW filed it outside of the discovery deadlines imposed by the parties' Initial Hearing Order. MLGW argued the Initial Hearing Order did not address the filing of a C-32 and pointed the Court to Tennessee Code Annotated section 50-6-235(c)(2) (2015), which states a party must provide a notice of intent to use a C-32 "not less than twenty (20) days before the date of intended use." MLGW asserted Mr. Perry could object to the C-32 and then take Dr. Wood's deposition but argued Mr. Perry provided no authority for his request to strike or preclude the C-32. The Court ruled that the Initial Hearing Order could not contravene the statute and gave Mr. Perry the opportunity to continue the hearing and take the deposition of Dr. Wood. Mr. Perry declined, and the Court admitted the C-32 into evidence.

MLGW's motion asked the Court to strike evidence relating to prior disciplinary actions taken against occupational therapist David Brick. MLGW argued that Mr. Perry was using the past bad acts of Mr. Brick to impeach Dr. Dlabach's opinion regarding impairment. Mr. Perry maintained the evidence was admissible under Rule 607 of the Tennessee Rules of Evidence since Dr. Dlabach relied on Mr. Brick's assessment regarding range of motion and did not know Mr. Brick had previously been disciplined for these past bad acts. The Court allowed the evidence to come in, but stated its use would be limited to evaluating the weight of the evidence regarding impairment.

During the Compensation Hearing, Mr. Perry testified he continued to have occasional pain at the surgery site of his hernia repair. He indicated there was a hole in

2

his abdomen where the hernia was, and he occasionally had to stop working when he felt a protrusion in the area. According to Mr. Perry, he is able to push the protrusion back in and has learned to perform his job a little differently to keep from using his right side as much. He testified that he asks for assistance when needed and is careful when it comes to lifting.

Mr. Perry relied on the deposition testimony of Dr. Apurva Dalal, who performed a one-time independent medical examination of Mr. Perry's injuries. Dr. Dalal testified that Mr. Perry retained a permanent impairment of four percent to the body for his hip injury. (Ex. 3 at 12, 14.) He came to this opinion by measuring the range of motion in Mr. Perry's hip and finding limited flexion and abduction. (Ex. 3 at 11.) He further determined that Mr. Perry retained five percent permanent impairment to the body for the hernia. (Ex. 3 at 12-13.) He testified that he examined Mr. Perry and found "a palpable defect" and a "protrusion" at the site of the hernia surgery. (Ex. 3 at 10-11.)

MLGW did not call any witnesses to testify at the Compensation Hearing. However, it relied on Dr. Dlabach's deposition testimony of January 6, 2016. During his deposition, Dr. Dlabach testified that Mr. Perry retained no permanent impairment due to the hip injury. (Ex. 4 at 11.) He stated Mr. Perry had "good strength, good range of motion, [and was] ambulating well" prior to his release on October 30, 2014. (Ex. 4 at 9.)

MLGW further relied on Dr. Wood's Form C-32 Standard Form Medical Report, dated April 5, 2016, at the Compensation Hearing. This report indicated that Mr. Perry reached maximum medical improvement on September 5, 2014, and retained no permanent impairment based on the American Medical Association Guide to Evaluation of Permanent Impairment, 6th Edition.

The parties stipulated that Mr. Perry's injuries were compensable and his average weekly wage was $942.12, resulting in a compensation rate of $628.08.

### Findings of Fact and Conclusions of Law

*General Legal Principles*

This Court must interpret the Workers' Compensation Law fairly, impartially, and without favor for either the employee or employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim must prove all essential elements of his claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp.

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation

3

App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). At a compensation hearing, the employee "must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015).

*Compensability and Medical Benefits*

The parties agree this is a compensable claim where Mr. Perry sustained a right inguinal hernia and an injury to his right hip. The only issues the Court must address are the extent of permanent partial disability, if any, and entitlement of Mr. Perry's attorney to discretionary costs. Pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." As this is an agreed compensable claim, Mr. Perry is entitled to reasonably necessary future medical treatment as recommended by his authorized treating physicians, Drs. Dlabach and Wood, and as required by Tennessee Code Annotated section 50-6-204 (2015).

*Permanent Impairment Ratings*

The opinion of the treating physician on the employee's permanent impairment rating is presumed accurate. Tenn. Code Ann. § 50-6-204(k)(7) (2015). This presumption, however, is rebuttable by a preponderance of the evidence. *Id.* The Court finds both Dr. Dlabach and Dr. Wood are treating physicians, and their opinions regarding permanent impairment ratings carry a statutory presumption of accuracy.

For his right hip injury, Mr. Perry selected Dr. Dlabach from MLGW's panel of physicians. Dr. Dlabach treated Mr. Perry's hip strain on multiple occasions and referred him to physical therapy and work hardening. Dr. Dlabach assigned a permanent impairment rating of zero percent to the body for the hip injury. However, on one occasion, Mr. Perry also saw his own physician, Dr. Dalal, who assigned a permanent impairment rating of four percent to the body for the hip injury. Both physicians are orthopedic specialists and both are qualified to rate permanent impairment for hip injuries. Dr. Dlabach examined and treated Mr. Perry on multiple occasions, as opposed to Dr. Dalal who examined Mr. Perry on one occasion. The Court reviewed the depositions of Dr. Dlabach and Dr. Dalal, and the primary difference in their opinions involved their accuracy in measuring loss of range of motion. After

---

Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

4

reviewing the testimony of the physicians, the Court finds Dr. Dlabach's statutory presumption of accuracy was not rebutted by a preponderance of the evidence. Therefore, the Court finds Mr. Perry sustained no permanent impairment related to his hip injury.

Regarding the right inguinal hernia injury, Dr. Dlabach referred Mr. Perry to a general surgeon for treatment. Mr. Perry went to Dr. Wood, a general surgeon, for examination. She confirmed Mr. Perry sustained a right inguinal hernia and performed surgery. Approximately one month after surgery, she released Mr. Perry and opined he sustained no permanent impairment for his hernia injury. The opinion of Dr. Wood was presented to the Court through a Form C-32, pursuant to Tennessee Code Annotated section 50-6-235(c)(2) (2015). This form contained no explanation how she evaluated Mr. Perry or arrived at her impairment opinion. On the other hand, Dr. Dalal testified through his deposition that he examined Mr. Perry and found "a palpable defect" and a "protrusion" at the site of the hernia surgery. According to the AMA Guides, he determined Mr. Perry sustained five percent permanent impairment to the body for the hernia. Regarding the hernia, the Court finds the evidence rebuts Dr. Wood's statutory presumption of accuracy by a preponderance of the evidence. Therefore, the Court finds Mr. Perry sustained five percent permanent impairment to the body as a result of his hernia injury.

### *Permanent Partial Disability*

For post-July 1, 2014 injuries, permanent partial disability is paid at sixty-six and two-thirds percent of the injured employee's average weekly wage for the period of compensation as determined by multiplying the employee's impairment rating by 450 weeks. Tenn. Code Ann. § 506-207(3)(A) (2015). In this case, Mr. Perry's total impairment rating is five percent to the body due to his hernia injury. He has returned to work. His period of compensation is 22.5 weeks, and his agreed weekly compensation rate is $628.08. Therefore, the Court finds Mr. Perry is entitled to permanent partial disability benefits in the amount of $14,131.80.

### *Discretionary Costs*

Mr. Perry requested certain discretionary costs. The statute allows the Court to award discretionary costs for such expenses as reasonable expert deposition fees. Tenn. Code Ann. § 50-6-239(c)(8) (2015). Otherwise, the statute is silent as to what costs might be recoverable. However, Tennessee Rule of Civil Procedure 54.04(2) also provides for the recovery of certain discretionary costs.

Mr. Perry is awarded reasonable and necessary discretionary costs associated with preparing this case for trial, in the total amount of $1,446.85, itemized as follows:

5

| | |
|---|---|
| 1. Court Reporter fee for deposition of Bryant Perry | $154.00 |
| 2. Court Reporter fee for deposition of Dr. Dlabach | $109.90 |
| 3. Deposition fee for Dr. Dalal | $1,000.00 |
| 4. Court Reporter fee for deposition of Dr. Dalal | $182.95 |

*Attorney Fee*

Pursuant to Tennessee Code Annotated section 50-6-226(a)(1), an attorney's fee shall be deemed reasonable if it does not exceed twenty percent of the award to the injured worker. Accordingly, Mr. Perry's attorney is awarded an attorney's fee of twenty percent of $14,131.80, or $2,826.36, to be paid from Mr. Perry's award.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Perry shall receive lifetime future reasonable, necessary, and related medical benefits as required by Tennessee Code Annotated section 50-6-204 (2015).

2. Mr. Perry shall recover permanent partial disability benefits in the amount of $14,131.80, representing a five percent permanent impairment to the body, or 22.5 weeks of compensation. These benefits, having accrued, are payable in a lump sum.

3. Mr. Perry is awarded total amount of $1,446.85 for discretionary costs, to be paid by MLGW.

4. Mr. Perry's attorney is awarded an attorney's fee of twenty percent of $14,131.80, or $2,826.36, to be paid from Mr. Perry's award.

5. Costs of this cause of $150.00 are assessed against MLGW pursuant to Rule 0800-02-21-.07 of the Tennessee Compilation Rules and Regulations, to be paid within five days of this order becoming final.

**ENTERED this the 17th day of May, 2016.**

**Judge Jim Umsted**
**Workers' Compensation Judge**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the party who filed the

notice of appeal shall have fifteen calendar days after the issuance of the docketing notice to submit a brief to the Appeals Board for consideration. Any opposing party shall have fifteen calendar days after the filing of the appellant's brief to file a brief in response. No reply briefs shall be filed. Briefs shall comply with the Practice and Procedure Guidelines of the Workers' Compensation Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03(6) (2015).

**APPENDIX**

Technical record:
1. Petition for Benefit Determination;
2. Dispute Certification Notice, filed July 14, 2015;
3. Dispute Certification Notice, filed April 18, 2016;
4. Initial Hearing Order;
5. Mr. Perry's Pre-Trial Disclosures;
6. Mr. Perry's Notice of Filing Deposition of Apurva Dalal;
7. MLGW's Notice of Filing Deposition;
8. MLGW's Witness & Exhibit List;
9. MLGW's Statement Concerning Proposed Exhibits and List of Unresolved Evidentiary Disputes;
10. MLGW's Amended Witness & Exhibits List;
11. MLGW's Notice to Rely on Form C-32;
12. Mr. Perry's Objection to the C-32 of Dr. Janice Wood and Motion to Strike or Preclude C-32 of Dr. Janice Wood;
13. MLGW's Response to Employee's Motion to Strike or Preclude C-32 of Dr. Janice Wood;
14. MLGW's Trial Brief and Motion in Limine;
15. Mr. Perry's Pre-Trial Brief;
16. MLGW's Motion in Limine and Motion to Strike Inappropriate and Inadmissible Evidence; and
17. Mr. Perry's Response to Motion in Limine Regarding Disciplinary Actions Against Mr. David Brick.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Stipulated Findings of Facts of the Parties:
1. Mr. Perry is thirty-two years old and presently lives in Shelby County, Tennessee.
2. Mr. Perry was working as a utility worker for MLGW on July 15, 2014.
3. On July 15, 2014, Mr. Perry was moving a large water valve when he felt a pull in his groin.
4. Mr. Perry selected Dr. Jeffrey Dlabach from a panel of physicians.
5. Dr. Dlabach referred Mr. Perry to a general surgeon for evaluation of a probable right inguinal hernia.
6. Mr. Perry received authorized treatment with Dr. Janice Wood for the inguinal hernia but did not select Dr. Wood from a panel of physicians.
7. Dr. Wood placed Mr. Perry at maximum medical improvement for his work-related right inguinal hernia on September 5, 2014.
8. Dr. Dlabach placed Mr. Perry at maximum medical improvement for his work-

related right hip injury on October 30, 2014.

9. Mr. Perry's average weekly wage was $942.12, which resulted in a compensation rate of $628.08.

Stipulated Conclusions of Law of the Parties:

1. This claim is governed by the Workers' Compensation Law for the State of Tennessee.

2. Mr. Perry filed his Petition for Benefit Determination within the applicable statute of limitations.

Exhibits:

Exhibit 1: Mr. Perry's Medical Record Designation;

Exhibit 2: MLGW's Additional Medical Record Designation;

Exhibit 3: Deposition Transcript of Dr. Apurva Dalal;

Exhibit 4: Deposition Transcript of Dr. Jeffrey Dlabach; and

Exhibit 5: Form C-32 of Dr. Janice Wood.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 17th day of May, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Andrew C. Clarke, Esq., Employee's Attorney | | | X | aclarke@accfirm.com |
| Sean Hunt, Esq., Employer's Attorney | | | X | sean@thehuntfirm.com |

Penny Shrum, Court Clerk
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov